UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH SCOTT WRIGHT ,

                          Petitioner,

     v.

PIERCE COUNTY,

                         Respondent.

Case No. 3:22-cv-5672-JCC-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and proposed habeas petition filed under 28 U.S.C. § 2254. Dkt. 1. Petitioner is proceeding *pro se*, and the petition has not been served on respondents.

Under Rule 4 of the rules governing § 2254 cases, the Court must promptly examine a habeas corpus petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

It appears that the petition – on its face – is subject to dismissal. The Court will provide petitioner the opportunity, by November 11, 2022, to show cause why the federal habeas corpus petition should not be dismissed.

## FACTUAL BACKGROUND

Petitioner appears to be a pretrial detainee at Pierce County Jail. Dkt. 1-1. Petitioner alleges that in 2016 he pled guilty to one count of unlawful solicitation to

possess a controlled substance. Dkt. 1-1 at 1-2.  The petition states that petitioner has not sought to appeal this conviction to a higher state court and has not filed a petition for certiorari in the United States Supreme Court. Dkt. 1-1 at 2-3. Petitioner contends that intervening authority from the Washington State Supreme Court has invalidated petitioner's conviction. Dkt. 1-1 at 3.

Petitioner states that the Pierce County Superior granted a motion to vacate based on the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170 (2021). Dkt. 1-1 at 3. Further, petitioner contends that the prior sentence violated petitioner's rights, and petitioner did not previously appeal the sentence because petitioner had not been aware of the relevant authority. Dkt. 1-1 at 5-12. Petitioner seeks as a remedy the dismissal of three criminal cases pending before the Pierce County Superior Court and monetary damages. Dkt. 1-1 at 15.

DISCUSSION

A prisoner may only use habeas corpus "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Additionally, when a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

1

2      A.  In Custody Requirement

3          Based on the proposed petition, it appears that the Court lacks jurisdiction over

4   this petition because petitioner is no longer in custody pursuant to the challenged

5   judgment.

6          As a threshold matter, a § 2254 petitioner must show that they are in custody

7   pursuant to a state court judgment. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394,

8   401 (2001) (quoting 28 U.S.C. § 2254(a)). A petitioner is "in custody" when the

9   petitioner suffers "present restraint from a conviction" at the time the petition is filed.

10  *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). If a petitioner is not in custody pursuant

11  to the challenged judgment, the Court lacks subject matter jurisdiction over the petition.

12  *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). When the conviction or sentence

13  under attack has fully expired at the time of the petition is filed, the petition does not

14  meet the "in custody" requirement. *Maleng*, 490 U.S. at 492.

15         A petitioner is "in custody" if he is subject to a significant restraint on his liberty

16  that is not generally shared by the public. *Dow v. Circuit Court of the First Circuit*, 995

17  F.2d 922, 923 (9th Cir. 1993) (per curiam). Being "in custody" thus includes being on

18  probation (*Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005)) and other situations

19  in which one's freedom is "significantly confine[d] and restrain[ed]." *Jones v.*

20  *Cunningham*, 371 U.S. 236, 243 (1963).

21         It appears from the petition that petitioner is no longer in custody pursuant to the

22  challenged judgment. The petition indicates that petitioner is challenging a 2016

23

24

25

ORDER TO SHOW CAUSE - 3

1  conviction under the case number 16-1-00326-7. Dkt. 1-1 at 1. Petitioner states that the

2  Pierce County Superior Court vacated this conviction. Dkt. 1-1 at 3.

3        If the state court has in fact vacated the conviction and petitioner is no longer

4  incarcerated based on the vacated judgment, petitioner is not in custody for purpose of

5  a habeas petition.

6        Based on the foregoing, it appears that the Court lacks jurisdiction over this

7  petition because petitioner is not in custody based on the challenged conviction.

8        B.  Exhaustion

9        To the extent that petitioner is still in custody pursuant to the 2016 conviction, it

10  appears that the petitioner is also subject to dismissal for failure to exhaust all state

11  court remedies.

12        A state prisoner is required to exhaust all state court remedies, by fairly presenting

13  claims of violation of federal rights before the state courts, before seeking a writ of federal

14  habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity,

15  intended to afford the state courts the "initial opportunity to pass upon and correct alleged

16  violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

17  (emphasis added). This is appropriate, because "state courts, like federal courts, are

18  obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To

19  properly exhaust federal claims, a would-be federal habeas corpus petitioner must finish

20  "one complete round of the State's established appellate review process," up to the

21  highest state court with powers of discretionary review. *Id.*, at 845.

22        A federal court must dismiss a federal habeas corpus petition if its claims are

23  unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*

24

25

ORDER TO SHOW CAUSE - 4

*sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner acknowledges that he has not appealed his underlying criminal conviction. Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court before his petition is eligible for federal habeas review.

C.  Younger Abstention

The pending petition also appears to be subject to dismissal under the Younger Doctrine because petitioner is requesting that the Court intervene in pending criminal proceedings before the Pierce County Superior Court.

Federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). This applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

The Ninth Circuit has recognized that even if all the *Younger* factors are satisfied, a federal court will not invoke *Younger* if the petitioner can make a showing of bad faith, harassment, or some other extraordinary circumstances making abstention inappropriate. *Bean*, 986 F.3d at 1133; *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th

Cir. 2018) (acknowledging an irreparable harm exception to the Younger abstention

doctrine when the danger of irreparable loss is great and immediate.); *see also,*

*MacDonald v. Musick,* 425 F.2d 373, 377 (9th Cir. 1970) (Ninth Circuit reversed the

District Court and directed that a habeas corpus petition be granted under 28 U.S.C. §

2241 pre-trial, because petitioner's due process rights were violated by a deputy

prosecutor's revival of a charge that was "[an] attempt. . .to hamper [petitioner] in

asserting, by civil action, both state and federal civil rights".).

      The Ninth Circuit has applied the irreparable harm exception to claims raised by

pretrial detainees:

> (1) where a pretrial detainee presents "[a] colorable claim that a state
> prosecution [would] violate the Double Jeopardy Clause" *Dominguez v.
> Kernan*, 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018)

> (2) where a petitioner raises a due process challenge to their pretrial
> detention in the context of a state civil sexually violent predator
> proceeding. *Page v. King*, 932 F.3d 898, 901-902 (9th Cir. 2019).

> (3) where a petitioner raises a due process claim based on the forcible
> injection of antipsychotic medications during trial. *Bean*, 986 F.3d at 1135-
> 36

The courts have refused to apply this exception to speedy trial claims because this right

can be vindicated by the reversal of the improper conviction, while unlawful pretrial

detention cannot be vindicated post-trial. *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th

Cir. 2021).

      This action satisfies the factors for the Court to abstain from considering

petitioner's claims under the *Younger* doctrine. Petitioner requests that the Court

dismiss three pending criminal cases currently before the Pierce County Superior Court.

Dkt. 1-1 at 15. The proposed petition does not explain whether these pending cases are

related to challenged 2016 state judgment. The pending criminal proceedings implicate an important state interest – enforcing and prosecuting state laws. There is no indication that petitioner would be unable to raise in state court any constitutional challenges during the pending criminal trials. The requested relief would have the practical effect of enjoining the ongoing state judicial proceeding.

Accordingly, the Court must abstain from considering this action -- unless petitioner can make a showing that extraordinary circumstances exist and the irreparable harm exception applies to this case. Petitioner has not made a showing of extraordinary circumstances such that the Younger doctrine should not be applied.

D. Monetary Damages

It also appears that petitioner seeks to obtain monetary relief as remedies for allegations that may be related to assertions of civil rights violations or tortious acts under state law alleged in this petition. Dkt. 1-1, at 15. The District Court's habeas corpus jurisdiction is limited to a challenge to the legality of petitioner's custody – and the remedy is limited to the fact or duration of confinement; therefore, remedies such as damages, or an injunction, are not available. *Preiser v. Rodriguez,* 411 U.S. 475, 499-500 (1973). The petitioner is required to remove those allegations of harm that are not related to the fact of, or the duration of, his confinement -- and is required to remove the requests for damages or injunctive relief -- if he decides to file an amended habeas corpus petition.

If petitioner wishes to pursue damages or injunctive relief as remedies for alleged civil rights violations or state law torts, a different cause of action might be appropriate,

1 under 42 U.S.C. § 1983 or other federal or state laws. Those remedies are not

2 cognizable in a federal habeas corpus petition.

3

4

5 <u>CONCLUSION</u>

6 Based on the foregoing discussion, the petition appears to be facially deficient

7 and subject to dismissal. The Court orders petitioner to file an amended petition

8 correcting – if possible – the deficiencies identified herein, or show cause in writing why

9 this petition should not be dismissed. Petitioner must file an amended petition or show

10 cause by **November 11, 2022.**

11 If petitioner intends to file a civil rights complaint (rather than challenging the

12 validity of his conviction and sentence, and the fact or duration of custody), petitioner

13 must bring an independent lawsuit and a different complaint; he cannot amend the

14 current habeas petition to include civil rights allegations.

15 Dated this 17th day of October, 2022.

16

17

18 _Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE - 8